# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RAYMOND PERRY,**

    **Plaintiff,**

vs.                                                                    **Case No. 4:20cv323-WS-MAF**

**CONFEDERATE PRESIDENT**
**L.T. JACKSON, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se, initiated this case by submitting both a civil rights complaint, ECF No. 1 at 1-15, and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1 at 17-50.  An Order was entered which explained that this case may proceed as *either* a civil rights case or a habeas petition, but not both.  ECF No. 7.  Plaintiff was required to file either an amended complaint or an amended petition by July 23, 2020.  *Id.*  In a more recent Order addressing several motions filed by Plaintiff, he was again directed to submit either a complaint or petition, and the appropriate filing fee for that type of case as well.  ECF

No. 11. If Plaintiff did not want to continue this case,[1] he was required to file a notice of voluntary dismissal under Rule 41(a), and he was warned that if he failed to comply, a recommendation would be made to dismiss this case. *Id.* As of this date, nothing further has been received from Plaintiff. It appears that he has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See <u>Ciosek v. Ashley</u>, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not

---

[1] Because Plaintiff already initiated a separate habeas petition, *see* case number 4:20cv322-WS-MAF, this case may not be necessary.

Case No. 4:20cv323-WS-MAF

comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 4, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv323-WS-MAF